IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL RECORDS, INC. et al,           ) | |
| ) | CIVIL ACTION FILE |
| Plaintiffs,           ) | |
| ) | NO. 1:05-CV-01059-JDB |
| v.           ) | |
| ) | |
| DOE,           ) | |
| ) | |
| Defendant.           ) | |
| _____) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR EXTENSION OF TIME**

Plaintiffs respectfully move pursuant to Federal Rule of Civil Procedure 4(m) for an extension of time to serve their Complaint. In support of their motion, Plaintiffs state as follows:

1.

Plaintiffs filed their Complaint in this action on May 26, 2005, against an anonymous Defendant using a peer-to-peer network to disseminate Plaintiffs' copyrighted works.

2.

Cogent Communications, Inc. ("Cogent") is the only entity with knowledge of the identity of the Doe Defendant. Accordingly, at the time of filing their Complaint, Plaintiffs also filed a motion for leave to serve expedited discovery on third party Cogent, the Internet Service Provider for the Doe Defendant, which motion the Court granted.

3.

Because Plaintiffs have not yet received a response from Cogent providing the identity of the Doe Defendant, pursuant to Fed. R. Civ. P. 4(m), Plaintiffs request an extension of 90 days

1768526v1

from the date Cogent complies with the subpoena to serve the Summons and Complaint on the Doe Defendant.

4.

Plaintiffs' request for an extension should be granted because they have demonstrated the "good cause" required under Rule 4 for an extension of the time for service. See Rule 4(m); Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (holding that a court must grant an extension upon a showing of good cause)(J. Forrester); see also Henderson v. United States, 517 U.S. 654, 658 n.5 (1996) (noting that court has discretion to enlarge the time to serve even where there is no good cause shown); Motley v. Parks, 198 F.R.D. 532, 533 (C.D. Cal. 2000) (finding good cause to extend the 120 days to serve a defendant existed where the defendant's identity was not known at the time the complaint was filed). Moreover, good cause also is present here because Plaintiffs merely wish to give the Doe Defendant additional time to consummate settlement before naming him or her in a court filing.

5.

For the foregoing reasons, the Court should grant the Plaintiffs' Motion.

Respectfully submitted, this 23rd day of September, 2005.

Dated: 9/23/05

Peter Strand (D.C. Bar No. 481870)
Shook, Hardy & Bacon L.L.P.
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
Telephone (202) 783-8400
Facsimile (202) 783-4211

*Attorney for Plaintiffs*

1768526v1