UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and MOTOWN RECORD COMPANY, L.P., a California limited partnership,<br><br>                        Plaintiffs,<br><br>v.<br><br>JOHN DOE,<br><br>                        Defendant. | Civil Action No.: 05-1059 (JDB) |

## MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY

**I.   INTRODUCTION**

        Plaintiffs seek leave of Court to serve limited, additional discovery on Georgia Public Web, an Internet Service Provider ("ISP") to determine the identity of Defendant John Doe, who is being sued for copyright infringement. Without such discovery, Plaintiffs cannot identify the Doe Defendant, and thus cannot pursue their lawsuit to protect their copyrighted works from repetitive infringement.[1]

---

[1] Because Plaintiffs do not currently know the identity of the Defendant, Plaintiffs cannot ascertain the Defendant's position on this Motion.

Plaintiffs originally identified Cogent Communications, Inc. ("Cogent") as the ISP which provided Internet access to the Defendant. This Court granted Plaintiffs leave to serve a subpoena on Cogent. Cogent refused to comply with the subpoena and recently informed Plaintiffs that it did not have any information linking IP addresses to individuals, but that a second ISP would be able to provide identifying information for John Doe. Cogent identified this second ISP as Georgia Public Web.

When given Defendant John Doe's IP address and the date and time of infringement, Georgia Public Web should be able to identify the name and address of John Doe (*i.e.*, the ISP's subscriber) because that information is contained in the ISP's subscriber activity log files. Id. ¶ 14.

Accordingly, Plaintiffs now seek leave of Court to serve limited, additional discovery on Georgia Public Web to identify the Defendant. If the Court grants this Motion, Plaintiffs will serve a subpoena on Georgia Public Web requesting the true names and other identification information about Defendant within 15 business days. Georgia Public Web then will be able to notify John Doe that this information is being sought, and the Defendant will be able to raise any objections before this Court in the form of a motion to quash prior to the return date of the subpoena.

Once Plaintiffs learn a Defendant's identifying information, Plaintiffs will contact the Defendant and attempt to resolve the dispute. If the dispute is not resolved and it is determined that it would be more appropriate to litigate the copyright infringement claims in another jurisdiction, Plaintiffs will dismiss the particular Defendant from the present lawsuit and re-file in another jurisdiction. Without the ability to obtain the Defendant' identifying information, however, Plaintiffs may never be able to pursue their lawsuit to protect their

copyrighted works from repeated infringement. Id. ¶ 22. Thus, the need for the limited, additional discovery sought in this Motion is critical.

Dated: March 3, 2006

Respectfully submitted,

_____
Matthew J. Oppenheim (D.C. Bar No. 443698)
7304 River Falls Drive
Potomac, MD 20854
(301) 299-4986

*Attorney for Plaintiffs*

3